GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.santome@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Carlos Alberto Lara Mercado,

Defendant.

No. CR 22-00922-PHX-DWL

UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT

Sentencing Hearing: 8/7/2023

CARLOS ALBERTO LARA MERCADO ("Defendant") is before the Court for sentencing following his guilty plea to Count One of the Indictment, False Statement During the Purchase of a Firearm, a violation of 18 United States Code (U.S.C.), § 924(a)(1)(A), a class D felony offense. The United States having reviewed its files and records in this case, the stipulations in the plea agreement (Doc. 31.), and the Final Presentence Investigation Report (Doc. 45.) urge this Court to sentence the Defendant to three years of probation, as it sufficient and not greater than necessary to meet the goals of sentencing.

PRESENTENCE REPORT

The government, having reviewed the Final Pretrial Investigation Report (PSR)(Doc. 45.) prepared by U.S. Probation Officer Rochelle M. Collins, concurs with the recommendation and guideline calculation.

## SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). The purpose of this statue is to prevent firearms from ending up in the hands of those who seek to use or possess them illegally. In this case, this concern came to fruition when the firearm was recovered in Mexico. However, the government recognizes that Defendant was involved in a low number of firearm purchases.

The history and characteristics of this Defendant counsel in favor of a probation sentence. U.S.C. § 3553(a)(1). At 31 years old, the Defendant is facing punishment for his first felony conviction. By all accounts he appears to be law abiding and does not have significant criminal history. His positive performance on pretrial release suggests he is a good candidate for probation.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by the Defendant. 18 U.S.C. § 3553(a)(2)(B). As a consequence to his actions, Defendant is sustaining a

permanent felony conviction which will likely prevent him from ever being able to possess a firearm or ammunition again. This prohibition will remain long after he completes his term of probation.

The Defendant may need mental health treatment which can be accomplished during probation. 18 U.S.C. § 3553(a)(2)(D). Recently, Defendant's father passed away of a heart attack. (PSR ¶ 31). In addition, he has suffered from anxiety in the past. (PSR ¶ 37). A term of probation will offer Defendant the resources and support to continue his treatment, as necessary.

In close, although this offense is by nature serious, Defendant's characteristics, history, treatment needs, and performance on pretrial services supports a probation sentence. For this reason, the United States recommends a three-year probation term.

Respectfully submitted this 31th day of July, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*

ADDISON SANTOME
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31th day of July, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jared Eggers
*Attorney for Defendant*

*s/Addison Santome*
U.S. Attorney's Office